Bentley Kassal, J.
Tenant in ’this nonpayment summary proceeding moves for an order (1) permitting him to proceed as a poor person under CPLR 1101; and (2) for leave to file a jury demand nunc pro tunc. Tenant made a prima facie showing of indigency and the merit of his defense and there is no opposition herein on the part of landlord or the Finance Administrator of the City of New York, both of whom having been served.
Thus, he is granted the right to proceed as a poor person herein and is not “ liable for the payment of any costs or fees ” unless so directed by the court after judgment or settlement in his favor. (CPLR 1102, subd. [d]; Hotel Martha Washington Management Co. v. Swinick, 66 Misc 2d 833.)
The only remaining issue, therefore, is whether the jury demand, which was served in the first instance as part of this application, is timely. The chronological sequence of the proceedings is :
(1) The proceeding was commenced on October 20,1973;
(2) A notice of appearance and answer was filed on October 30, 1973;
(3) The clerk thereupon set the trial date for November 7, 1973 (which was subsequently adjourned);
*863 (4) On November 19, 1973, this notice of motion, which included a jury demand, was served upon petitioner and filed with office of the landlord and tenant clerk thereafter.
In order to attempt to resolve this question, it is essential to review the relevant statutes and rules.
Section 1303 of the New York City Civil Court Act states:
“ (a) * * * In ,a summary proceeding to recover possession of real property, the [Jury] demand may be made by the tenant at the time of answering or by the landlord at any time before the day of trial. The party demanding a trial by jury shall at the time of making said demand pay the clerk the sum of twenty-five dollars.” (Emphasis added.)
“ (b) Unless a demand ds made and the jury fee paid as above provided, a jury trial is waived. ’ ’
Section 745 of the Real Property Actions and Proceedings Law provides for trial by the court of summary proceedings unless 1 ‘ at the time the petition is noticed \to be heard, a party demands a trial by jury, in which case trial shall be by jury.” (Emphasis added.)
Section 732 of the Real Property Actions and Proceedings Law, as applied to the Civil Court by section 2900.21 (subd. [c]) of the Rules of the Civil Court of the 'City of New York (22 NYCRR 2900.21 [c]) provides that the notice of petition in a nonpayment summary proceeding ‘ ‘ shall be returnable before the clerk” and “ [i]f the respondent answers, the clerk shall fix a date for trial or hearing ”, It further provides that such answer may Ibe oral or in writing.
Section 1303 (subd. [a]) (applicable to all actions other than summary proceedings) directs that the jury demand be filed with the notice of trial; if not, any other party has the right to make a demand within 10 days after service of the notice of trial and such demand must then be filed within three days of such service. This is clear but there is no similar filing date for a jury demand in a nonpayment summary proceeding.
How, then, must an indigent tenant in a nonpayment proceeding preserve his right to jury trial? As a tenant, he must demand a jury trial at the time of answering and pay the fee at the ‘ ‘ time of making ’ ’ the demand. However, a pretrial motion to proceed as a poor person in a special proceeding must, under CPLR 406, be made returnable when the petition is noticed to be heard.
And so on and on it goes. The maze of ambiguity, uncertainty and conflict resulting from these various sections of the Real Property Actions and Proceedings Law, the Civil Practice Law *864 and Rules and the New York City Civil Court Act and Rules cries out for some clarification. It is absolutely imperative that this confusion not deprive a tenant of his constitutional right to a jury trial.
The proper avenues of approach to resolve this problem are via the Appellate Division and the State Legislature. In my opinion, the tenant herein might have more appropriately proceeded by:
(1) filing a written answer incorporating a jury demand; and
(2) moving simultaneously, by order to show cause, returnable on the date the hearing was noticed to be heard, for an order (a) permitting tenant to proceed as a poor person and (b) seeking leave to have the fee for the jury demand waived nunc pro tunc.
This was not done herein, but in view of the hopeless confusion as to the proper approach and since there has been no showing of undue prejudice, I am granting the tenant permission to file his jury demand nunc pro tunc. (CAA, ■§ 1303, subd. [e].)