OPINION OF THE COURT
Margaret Taylor, J.
This summary proceeding comes before the court on petitioner’s order to show cause why respondent’s jury demand should not be stricken.
The sequence of events giving rise to this controversy is as follows:
The tenant was served with the notice of petition for nonpayment of rent on November 13, 1981. On November 19, 1981 he answered orally with a general denial. The proceeding was subsequently adjourned to December 2, 1981. After being marked for trial in Part 49 on December 9, 1981 (this court has no information before it to indicate why the matter was postponed a week), the case went to Part 4F because the tenant made a motion to change the name of petitioner from “319 Belvedere Realty Corp.” to “319 West 48th St. Realty Corp.” There, the landlord’s attorney was told to correct the corporation’s name and the case was returned to Part 49, where the Presiding Judge *260 referred it to Part A. The tenant, at this point was understandably confused: “I said, what are we doing here, did he change the name?” It is not clear from the papers before this court exactly how the case was sent to Judge Pellegrino in Part A.
Judge Pellegrino rendered a final “consent judgment” of possession in favor of the landlord on December 9, 1981. On February 1, 1982 Judge Pellegrino entered an order denying tenant’s motion to vacate the final “consent judgment”. The tenant appealed and on July 14, 1982 the Appellate Term vacated the judgment on the grounds that (1) the tenant denied ever having consented to a judgment and (2) there was no “probative memorialization” of his purported consent. Accordingly, the final judgment was reversed and “the matter [ims] remanded for trial.” (319 West 48th St. Realty Corp. v Slenis, NYLJ, July 16,1982, p 4, col 1; emphasis supplied.)
On July 23, 1982 the tenant moved in the Appellate Term for an order to reinstate him to the subject premises. This motion was denied on August 4, 1982, the court noting that the matter had been remanded to Civil Court, New York County, for trial. The tenant then made another motion to be reinstated to the premises in Civil Court before Judge Okin on August 10, 1982. This motion was denied and Judge Okin directed the clerk to place the proceedings on the “trial calendar” on the same day. (Emphasis supplied.) On that very day the tenant paid a jury fee and the case was placed on the Jury Trial Calendar of Housing Part 49 for September 9, 1982.
The question is whether the August 10,1982 demand for a jury trial was timely made.
Subdivision (a) of section 1303 of the CCA provides that in a summary proceeding to recover possession of real property, the (jury) demand may be made by the tenant at the time of answering or by the landlord at any time before the day of trial. The party demanding the jury trial shall at the time of making said demand pay to the clerk the sum of $25. (Effective April 1, 1980, the fee for a jury in the New York City Civil Court is $35, CCA, § 1911, subd [h].) Subdivision (b) of section 1303 provides that unless a demand is made and jury fee paid as provided in subdivi *261 sion (a) of section 1303, a jury trial is waived. In this case, the pro se tenant did not make the demand when he filed his answer on November 19, 1981. The court, however, is authorized to “relieve a party from the effect of failing to comply with this section” if no undue prejudice to the rights of another party would result from the delay if the jury demand was granted. (CCA, § 1303, subd [c]; emphasis supplied.)
Even though RPAPL 745 provides that where triable issues of fact are raised they must be tried by the court unless at the time the petition is noticed to be heard a party demands a jury trial, the New York City Civil Court Act is the governing statute. As the Court of Appeals has said: “An established rule in the construction of statutes is: A specific provision upon a particular subject controls general provisions for the class to which the subject belongs.” (People ex rel. Knoblauch v Warden, 216 NY 154, 156.) Applying this principle, the rule is, that where there is a conflict between the general provisions of the RPAPL and specific provisions of statutes regulating jury trials in local courts, the specific provisions will be taken as a statutory exception to the general provisions and will prevail. (3 Rasch, New York Landlord and Tenant, Summary Proceedings, § 1339 [2d ed, 1971].)
The voluminous record here reveals that the pro se tenant has been fighting a confusing battle from the outset. In this sense, his experience has not been unique. The court is ashamed to admit that in the course of reconstructing the history of this case, it became aware, for the first time, that a pro se tenant is not informed in any manner whatsoever that she/he has the right to demand a jury trial. Conspicuously absent from the notice of petition in this case is any mention of the fact that a demand for a jury trial, may and, in fact must', be made at the time of answering. The court notes with great interest that the notice of petition in his case (a “Blumberg form”) follows virtually word for word the suggested sample form set forth in subdivision (c) of section 2900.21 of the Rules of the Civil Court of the City of New York. Furthermore, discussions with the clerks in the Housing Court office indicate that the clerks do not ask the pro se tenants, who almost *262 always answer orally, whether they want to demand a jury trial. An inspection of the office failed to reveal any posted signs, directives or memoranda containing information on how to go about requesting a jury trial.
Thus, pro se tenants leave the Housing Court office without ever having been advised of their rights while our judicial system at some future point in time may deem this to be a waiver of this important right. However, the dictionary defines waiver as an intentional relinquishment of a claim or right. There is nothing intentional about failing to request a jury trial if one does not know the right exists. Our official reports are filled with beautifully worded decisions which exalt the constitutionally protected right to a jury trial, but without providing clear and accurate information to pro se tenants, this protected right is no more than an illusion. In view of the complete absence of any notice whatsoever to pro se tenants of their right, at the very least, to request a jury trial (and approximately 77% of all tenants in Manhattan’s Housing Court appear pro se), it is doubtful if any court could ever find a valid waiver of a jury trial by a pro se tenant at any stage of the proceedings.
The landlord’s attorney has suggested that the pro se tenant here made a fatal error by neglecting to demand a jury trial when he first appeared before Judge Pellegrino on December 9. However, in light of the chaotic events that occurred on that day, this court finds that there was a perfectly understandable reason for the tenant’s failure to do so. Complying with Housing Court procedures is ordinarily a challenge to any pro se litigant. In light of the confusion surrounding this matter, legally and practically, the pro se tenant did not act unreasonably. Moreover, the Appellate Term ultimately vacated the purported “consent judgment” entered by Judge Pellegrino and returned the matter to Civil Court “for trial.”
RPAPL 745, subdivisions (a), (b) and (c) of section 1303 of the CCA and CPLR 410 and 4102 all appear to set forth the proper procedure for making the jury demand and as Justice Bentley Kassal pointed out: “The maze of ambiguity, uncertainty and conflict resulting from these various sections of the Real Property Actions and Proceedings *263 Law, the Civil Practice Law and Rules and the New York City Civil Court Act and Rules cries out for some clarification. It is absolutely imperative that this confusion not deprive a tenant of his constitutional right to a jury trial.” (Rosen v Slate, 76 Misc 2d 862, 863-864.) This court agrees with Justice Bentley Kassal’s approach. There has been no showing of undue prejudice that would result from this court denying the landlord’s motion to strike the jury demand. In fact, the landlord has been in possession of the subject premises since December, 1981. In subdivision (c) of section 1303 of the CCA, the Legislature, recognizing the importance of the right to a jury trial, specifically empowered the Civil Court to ameliorate the harsh consequences of a person’s failure to comply with the requirements of subdivision (a) of section 1303. Thus, it is incumbent upon the court to examine the time frame involved not merely by counting the months but by analyzing the sequence of events. Even though the record shows that the pro se tenant filed his answer on November 19, 1981, but did not make the demand for the jury and pay the fee until August 10, 1982, it is essential to note that this delay resulted from an Appellate Term reversal. The very day that this matter was set down for trial on a specific date (Aug. 10, 1982) the pro se tenant made his jury demand. Therefore, petitioner’s contention that laches is a ground for granting the motion to strike the demand is without merit.
Both the clear language of subdivision (c) of section 1303 of the CCA and the equities of this case weigh heavily in favor of the tenant. Accordingly, petitioner’s motion to strike the jury demand is denied.