OPINION OF THE COURT
Margaret Gammer, J.
The issue on this motion is whether a tenant who served a timely jury demand (without, because of financial inability, paying the fee therefor) waived her right to a jury trial by engaging in settlement discussions in a nonjury part. For the reasons stated below, this court holds she did not waive her rights.
This nonpayment proceeding was commenced on May 9, 1989. Respondent, through her attorney, served and filed a *285 written answer containing a jury demand and counterclaim on May 26, 1989, the same date this proceeding was scheduled for trial. On that date the matter was sent to Part 18H of the Housing Court, a nonjury part. Apparently unfruitful settlement discussions were held at that time and the matter was then adjourned until June 21, 1989 for trial. On June 20, 1989, the day before the scheduled trial, respondent brought on the instant motion, by order to show cause, seeking leave to proceed as a poor person and for grant of her jury demand nunc pro tune. Petitioner opposes the motion on the ground respondent’s counsel effectively waived any right respondent may have had to a jury trial both by allowing the case to proceed to a nonjury part and by loches.
The right to a jury trial is firmly grounded in both our Federal and State Constitutions. (US Const 7th Amend; NY Const, art I, §2.) As jury trials are a fundamental right, courts indulge every reasonable presumption against their waiver. (Aetna Ins. Co. v Kennedy, 301 US 389, 393 [1937].) Protection of the right to a jury trial has also been statutorily provided for. (CPLR 4102 [e]; CCA 1303 [c].)
Petitioner was placed on notice of respondent’s desire for a trial by jury when she served her answer and jury demand on the date this proceeding was first returnable. (See, Holrod Assoc. v Tomanovitz, 117 Misc 2d 371.)
It is undisputed that respondent, a 79-year-old woman whose only source of income is $311 a month in Social Security benefits and family help, did not pay for the jury demand because she could not afford to do so.
The only appropriate avenue of relief for respondent was this motion for poor person’s relief, and for leave to obtain a jury trial nunc pro tune. (See, Rosen v Slate, 76 Misc 2d 862.)
CCA 1303 (c) allows this court to relieve a party from its failure to comply with the court’s rules regarding jury demands and fees if no undue prejudice will be caused to another party. Petitioner has failed to demonstrate how, if at all, he will be prejudiced by allowing respondent to now have this matter placed on the jury calendar.
Petitioner’s contention that this is a routine nonpayment proceeding which is best handled by a Housing Court Judge is unpersuasive. The right to a jury trial does not turn on any one Judge’s ability to determine issues of fact, but is a fundamental constitutionally guaranteed right. (US Const 7th Amend; NY Const, art I, § 2.)
*286 Equally unpersuasive is petitioner’s contention that respondent waived her right to a jury trial when the case was adjourned on May 26 to June 21, 1989. Respondent did not withdraw her jury demand and, in fact, followed proper procedure by bringing on this order to show cause before the next scheduled trial date. In any event, it would be unduly harsh to deprive respondent of her constitutional right to a jury trial because of her counsel’s conduct. This is particularly so given petitioner’s failure to demonstrate any prejudice by the grant of the motion and since the matter had only been on once in the nonjury part.
Accordingly, this court finds that respondent did not waive her right to a jury trial and grants her motion to proceed as a poor person and obtain a jury trial without having to pay the necessary fee. (Rosen v Slate, supra; CCA 1303 [c].)
Respondent is to serve the Housing Court Clerk and petitioner’s attorney with a copy of this order, with notice of entry, within 10 days of today and the Clerk is to place this matter on the jury calendar, without payment of fee therefor, for the first available date and notify the parties.