*75 OPINION OF THE COURT
Memorandum.
Landlord commenced this summary holdover proceeding to recover possession of an apartment rented by tenant prior to a condominium conversion. Thereafter, the parties entered into a stipulation of settlement which was so ordered by the court. The stipulation of settlement provided in part for entry of a final judgment of possession only in the event of tenant’s failure to pay landlord the sum of $7,334.40, representing rent and parking fees due from June through August of 2000. Said stipulation further provided that landlord shall offer tenant a new one-year lease commencing September 1, 2000, with a fair market rental increase from 1998. Landlord’s motion to enforce the stipulation, and the judgment subsequently entered pursuant thereto, were based solely on tenant’s refusal to enter into the new one-year lease. Inasmuch as stipulations are binding contracts which must be construed and enforced according to their terms (see, Hallock v State of New York, 64 NY2d 224), there is no basis to support the court’s granting of a final judgment of possession based on tenant’s failure to enter into the proffered lease (see, 1552-75-82 President St. Realty Corp. v Hudson, NYLJ, Feb. 11, 1998, at 29, col 5 [Civ Ct, NY County]). It should be noted that although the stipulation herein merely required landlord to offer tenant a new one-year lease without requiring tenant to execute same, nonpurchasing tenants who fail to sign a valid renewal lease can be evicted based on their holding over following the expiration of their tenancy (see, Paikoff v Harris, 185 Misc 2d 372). Thus, the matter is remanded to the court below for all further proceedings including a trial on the issues raised in the pleadings.
Coppola, J. P., Doyle and Colabella, JJ., concur.