OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
*579 In this summary proceeding (see, RPAPL 713 [7]), appellant conceded she was not a party to the lease between landlord and her former spouse and his brother and never thereafter negotiated a tenancy. The lease, executed January 1997 and orally extended for a year, was not renewed. Landlord’s subsequent acceptance of rent payments, occasionally by appellant, which ended in June 1999, created a month-to-month holdover tenancy only as to the brothers, who remained the tenants of record (Real Property Law § 232-c; Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991, 993). There is no proof that, in accepting rent from appellant, landlord intended to extinguish the spouse’s tenancy and substitute appellant as the primary tenant (Sullivan v Brevard Assoc., 66 NY2d 489, 495). Following the divorce, and the tenants of record’s subsequent surrender of their tenancy, landlord properly proceeded against appellant whose licensors, by virtue of their surrender, were “no longer entitled to possession of the property” (RPAPL 713 [7]).
The trial court did not abuse its discretion denying appellant’s jury trial demand, appended to her answer submitted on the day of trial and after several adjournments. Specific provisions regulating jury trials in local courts supersede the general provisions of the RPAPL (3 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 44:7, at 155 [4th ed]; see, e.g., 319 W. 48th St. Realty Corp. v Slenis, 117 Misc 2d 259, 261). UJCA 1303 (a) provides that if a party appears in person to answer, he or she “shall demand a jury trial, if desired at that time.” In any other instance, after joinder of issue, a party may move to set a trial date (UJCA 1301 [b]) which motion “shall include demand for trial by jury, if desired” (UJCA 1303 [b]). Absent indicia of a contrary legislative intent, “shall,” a word of command, is deemed peremptory (McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [a]; § 231; People v Schonfeld, 74 NY2d 324, 328; Matter of Janus Petroleum v New York State Tax Appeals Trib., 180 AD2d 53, 54).
The court’s grant of leave to file the late answer did not require the court to accept the attached jury trial demand. The procedural requirements for making that demand are keyed to a respondent’s appearance before the clerk or, if none, the justice of the court (UJCA 1303, 2101 [f]) who sets a trial date whether or not an answer is filed, and not to the provisions governing the timeliness of an answer (UJCA 402; cf., RPAPL 745). The availability of a motion to assert the demand (UJCA 1303 [b]), which can be made independent of the “time to ap *580 pear and answer” underscores the procedural distinction. The UJCA 1303 (a) requirement that the demand be made when the respondent “appears before the clerk to answer in person” confers no broader rights than RPAPL 745, which requires that a jury trial demand be made at “the time the petition is noticed to be heard.”
Here, appellant appeared pro se on the petition’s return date and filed a document prepared by an attorney raising affirmative defenses and demanding the proceeding’s immediate dismissal. There was no request for an extension of time to serve an answer (cf., City of New York v Butista, NYLJ, Mar. 16, 1992, at 27, col 1 [App Term, 1st Dept]). The attorney then represented appellant through several adjournments without filing an answer or jury trial motion, waiting until the commencement of trial, a month after appellant’s first appearance and several adjournments for trial, to demand that trial be before a jury. The demand was then untimely. Although a Justice Court “may relieve a party from the effect of failing to comply with [UJCA 1303] if no undue prejudice to the rights of another party would result” (UJCA 1303 [f]; cf., CPLR 4102; 7B Carmody-Wait 2d, NY Prac § 49:113, at 732; 3 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 44:11, at 156 [4th ed]) by its terms, the rule is permissive. Under the circumstances before us, the court’s refusal to excuse appellant’s failure to file a timely jury trial demand constituted no abuse of discretion.
The document filed during her first appearance in the proceeding, prepared by her future counsel and subcaptioned “the request for dismissal,” was in substance a preanswer motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]). Because the motion contained no reference to the court’s lack of personal jurisdiction, appellant waived the defense (CPLR 3211 [e]; Competello v Giordano, 51 NY2d 904, 905; 6A Carmody-Wait 2d, NY Prac § 38:85, at 425-426). Even if that waiver is overlooked, appellant’s court appearance on August 21, 2001, her filing of legal documents prepared by her future counsel and, when represented by counsel, her participation in lengthy settlement negotiations for which the court granted multiple adjournments, collectively evidenced her “participation] in [the] lawsuit on the merits” and her “intention to submit to the court’s jurisdiction over the action” (Rose Ocko Found. v Lebovits, 259 AD2d 685, 690 [internal quotation marks omitted]; Rubino v City of New York, 145 AD2d 285, 288).
*581 Finally, we reject appellant’s claim that her adult offspring and cohabitant in the subject premises was a necessary party to the proceeding, the nonjoinder of whom requires a dismissal (CPLR 1001, 1003). As a general rule, a tenant’s child need not be made a party to a summary proceeding against the parent (Loira v Anagnastopolous, 204 AD2d 608, 609; 2 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 38:31, at 596-597 [4th ed]). In view of our findings herein, even if it be assumed that appellant’s offspring had likewise been the licensee of the tenants of record, the licensors’ surrender of the tenancy terminated that license. Accordingly, under any view of the facts, appellant’s child was not a necessary party to landlord’s summary proceeding against appellant. We note that even if the appellant and her child were licensees, a summary proceeding need not be brought against all licensees to be effective against one.
Floyd, P.J., Doyle and Colabella, JJ., concur.