OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs, so much of the order dated December 28, 2005 as, upon reargument, granted landlord’s cross motion for summary judgment vacated, landlord’s cross motion for summary judgment denied, tenants’ counterclaim reinstated, and matter remanded to the court below for trial.
In this nonpayment proceeding, landlord, the owner of the subject condominium apartment, seeks to recover rent allegedly owed by tenants, who are in possession of the apartment as nonpurchasing tenants under the provisions of the Martin Act governing noneviction condominium conversion plans in Westchester County (General Business Law § 352-eee [2] [c]). Landlord contends that tenants’ monthly rent is $2,550 because this was the fair rental value of the apartment fixed by a jury in a prior nonpayment proceeding commenced in 2002 (see Sneddon v Greene, App Term, 9th & 10th Jud Dists, Apr. 29, 2005, No. 2003-1203 W C; see generally General Business Law § 352- *3 eee [2] [c] [iv] [providing that the rentals of nonpurchasing tenants “shall not be subject to unconscionable increases”]). Tenants, who have been paying rent at the rate of $2,194.80 per month, dispute that there is an agreement in effect requiring them to pay $2,550, claiming that landlord has never offered a lease in that amount and that they have never executed an agreement in that amount, and that $2,550 per month is not the fair rental value of the apartment. Tenants also assert that service in the instant proceeding was improper, that landlord breached the warranty of habitability, and that the rent demand was unlawful because of the pendency of a stay at the time the demand was served. In addition, tenants counterclaim for, inter alia, the difference between the $2,194.80 they believe they should pay and the $2,900 per month which they paid as a condition of a stay granted by this court in a prior holdover proceeding commenced in 2000 (Sneddon v Greene, 190 Misc 2d 74 [App Term, 9th & 10th Jud Dists 2001]), which holdover proceeding was ultimately dismissed.
At first blush, the instant case appears to present the issue of whether a nonpayment proceeding may be maintained against a nonpurchasing tenant who is protected under the Martin Act where the proceeding seeks to recover an increased rent unilaterally fixed by the landlord and never expressly assented to by the tenant. It is elementary that a nonpayment proceeding must rest upon an agreement by the tenant to pay the rent sought (RPAPL 711 [2] [a nonpayment proceeding may be maintained where “(t)he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held”]). Where a landlord unilaterally fixes an increase never assented to by the nonpurchasing tenant, it is questionable whether the necessary agreement can be found to exist (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]). However, we need not ultimately resolve this issue since in the unique circumstances presented herein, tenants are collaterally estopped from denying the existence of an agreement to pay rent of $2,550 per month.
The final judgment in favor of landlord in the prior nonpayment proceeding necessarily constituted an adjudication that tenants had agreed to pay $2,550 per month (see RPAPL 711 [2]). We note that tenants did not challenge this portion of the prior final judgment on their previous appeal to this court and that this court expressly did not pass on the merits of this portion of the final judgment (Sneddon v Greene, App Term, 9th & *4 10th Jud Dists, Apr. 29, 2005, No. 2003-1203 W C, supra). “Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided” (Statter v Statter, 2 NY2d 668, 672 [1957] [citation and internal quotation marks omitted]). Thus, the instant proceeding by landlord seeking $2,550 per month as the agreed upon monthly rent is maintainable.
However, contrary to the determination of the Justice Court awarding summary judgment to landlord, tenants were entitled to a trial since they raised triable issues with respect to whether landlord breached the warranty of habitability. The fact that the jury in the previous proceeding did not award an abatement for the period in question in that proceeding does not establish that an abatement is not warranted for the period in question in this proceeding. In this regard, we note that it is undisputed that the violations which form the basis of tenants’ present defense were first placed on the last day of the period at issue in the prior proceeding.
We agree with the Justice Court, however, that there is no merit to tenants’ challenge to service. By asserting a counterclaim for the alleged overpayments that they made under the terms of this court’s stay — which counterclaim is not barred by tenants’ failure to interpose it in the prior proceeding and would not have been barred if tenants elected not to interpose it in the instant proceeding — tenants have waived any claim of lack of personal jurisdiction (see Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993]).
The Justice Court dismissed this counterclaim on the ground that the order of this court granting a stay on condition tenants pay $2,900 per month has never been revoked. However, the purpose of this condition of this court’s order was to protect landlord during the pendency of the appeal, not to adjudicate the fair market value of the premises (see 4 CJS, Appeal and Error § 419), and this court based this condition on the amount which the Justice Court had determined, after a hearing, to be the fair rental value. The Justice Court’s determination in that proceeding as to fair rental value was ultimately nullified by the subsequent dismissal of that proceeding and is no longer conclusive (see Weldotron Corp. v Arbee Scales, 161 AD2d 708 [1990]; 7B Carmody-Wait 2d § 47:4). In addition, there is the later jury determination that the maximum legal rent was $2,550, and the amount paid as a condition of a stay should not exceed the legal rent (see 6 Greene St. Assoc, v Robbins, 256 *5 AD2d 169 [1998]). Under the circumstances, tenants are entitled to recover the difference between the $2,900 per month that they paid and the fair rental value of the apartment during that period (cf. Cooper v Schube, 101 AD2d 737 [1984]). Accordingly, their counterclaim is reinstated and the issue remanded for trial.
Finally, contrary to tenants’ contention, even if there was a stay of enforcement of the previous judgment in effect at the time that landlord served the present rent notice, the existence of such a stay would not prohibit the service of the rent notice or render the amounts demanded therein unlawful (see 4 CJS, Appeal and Error § 436).
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.