Atanas Vanchev, Respondent, 
against
Elizabeth Mulligan, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered September 19, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,170.35.




ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $1,116.45; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, his former landlord, to recover his security deposit in the amount of $1,850, and for additional costs in obtaining legal advice, for a total sum of $2,170. At a nonjury trial, it was established that, when plaintiff's lease was set to expire on June 30, 2012, plaintiff and defendant agreed to a one-month fixed term extension through July 2012. Plaintiff vacated the premises on August 1, 2012. Following the trial, the Civil Court awarded plaintiff the principal sum of $1,170.35, determining that plaintiff was entitled to his $1,850 security deposit, less the sum of $625.23, which defendant had already returned to plaintiff, and less the sum of $54.42, representing the value of damage to a door. The judgment did not credit defendant with one day of use and occupancy for August 1, 2012.
The Civil Court properly determined that the security deposit remained the property of plaintiff (see General Obligations Law § 7-103 [1]) and had to be returned at the conclusion of the tenancy (see Cruz v Diamond, 6 Misc 3d 134[A], 2005 NY Slip Op 50187[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]), absent, for example, proof that plaintiff had caused damage beyond that attributable to ordinary wear and tear (see generally Finnerty v Freeman, 176 Misc 2d 220, 222 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). 
The obligation of a tenant who holds over after the end of his lease to pay use and occupancy is imposed by law based on a theory of quantum meruit (Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559 [1999]; BGB Realty v Annunziata, 12 Misc 3d 136[A], 2006 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), and use and occupancy should generally be set at the fair rental value of the premises (see Cooper v Schube, 101 AD2d 737 [1984]; Sneddon v Greene, 17 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Phillips v Cohen, 2002 NY Slip Op 40235[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Such value can be established by proof of rentals for comparable premises (150-18-28 Union Turnpike Assoc. v Board of Mgrs. of Vil. Mall at Hillcrest Condominium, 12 Misc 3d 135[A], 2006 NY Slip Op 51248[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; 595 Broadway Assoc. v Bikman, 2003 NY Slip Op 51254[U] [App Term, 1st Dept 2003]) or by [*2]proof of the rent paid under the expired lease (see Siodlak v Light, 50 Misc 3d 141[A], 2016 NY Slip Op 50202[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Pentecost v Santorelli, 2003 NY Slip Op 51178[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; 3 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 46:26 [4th ed]). Since defendant states in her brief that the rent under the expired lease was $1,670.96 per month, this is the rate at which use and occupancy for August 1, 2012 should have been credited to defendant. The rule against apportionment which applies to rents does not apply to use and occupancy (Rustagi v Sanchez, 44 Misc 3d 137[A], 2014 NY Slip Op 51245[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Rufai v Providence, 28 Misc 3d 134[A], 2010 NY Slip Op 51353[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Thus, plaintiff was liable to defendant for use and occupancy for August 1, 2012, or 1/31st of the $1,670.96 monthly rent, which amounts to the sum of $53.90. In view of the foregoing, we find that the Civil Court's judgment did not render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $1,116.45.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016