214 Knickerbocker, LLC v Molly's Milk Truck Sweet & Savory, LLC (2021 NY Slip
Op 50416(U))

[*1]

214 Knickerbocker, LLC v Molly's Milk Truck Sweet & Savory,
LLC

2021 NY Slip Op 50416(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1062 K C

214 Knickerbocker, LLC, Respondent,
against
Molly's Milk Truck Sweet & Savory, LLC, Appellant.

Law Office of Peter Sverd, PLLC (Peter Sverd of counsel), for appellant.
Law Offices of Scott D. Gross (Scott D. Gross of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered June 26, 2019. The order denied tenant's motion to vacate a final
judgment entered March 21, 2019 upon its failure to appear or answer the petition, to restore
tenant to possession, and to restore the proceeding to the court's calendar in a commercial
nonpayment summary proceeding.

ORDERED the order is modified by providing that so much of the order as denied the
branches of tenant's motion seeking to vacate the default final judgment and to restore the
proceeding to the court's calendar is vacated, and those branches of tenant's motion are granted;
as so modified, the order is affirmed, without costs.
After tenant failed to appear or answer the petition in this commercial nonpayment
proceeding, a default final judgment was entered awarding landlord possession. Tenant moved to
vacate the default final judgment, to be restored to possession, and to restore the proceeding to
the court's calendar. By order entered June 26, 2019, the Civil Court (Rosemarie Montalbano, J.)
denied the motion.
It is undisputed that landlord had changed the locks to the premises, that it was aware that
[*2]tenant's business was not operating at the premises and,
nevertheless, had the petition served by conspicuous place service at the premises after two
attempts at personal service. Tenant states that it has not had access to the premises since the
locks were changed and it seeks to be restored to possession. 
Since tenant has demonstrated, prima facie, that it did not have access to the premises at the
time landlord sought to serve the petition, service was defective and, thus, the default judgment
must be vacated pursuant to CPLR 5015 (a) (4) (see Joseph v Lyu, 58 Misc 3d 159[A], 2018 NY Slip Op 50250[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op
50215[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As tenant did not seek to
dismiss the petition for lack of personal jurisdiction, but instead sought to restore the proceeding,
tenant has demonstrated its intention to submit to the jurisdiction of the court, going forward,
following the court's vacatur of the default judgment for lack of jurisdiction (see Central Radiology Servs., P.C. v First
Am. Ins., 40 Misc 3d 126[A], 2013 NY Slip Op 51031[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]; Parasconda v Club Mateem, Inc., 33 Misc 3d 141[A], 2011 NY
Slip Op 52201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently,
the branch of tenant's motion seeking to restore the proceeding to the court's calendar is granted
(see Ocean Diagnostic Imaging, P.C. v
Lumbermens Mut. Cas. Co., 6 Misc 3d 135[A], 2005 NY Slip Op 50210[U] [App Term,
2d Dept, 2d & 11th Jud Dists 2005]). 
The branch of tenant's motion seeking to be restored to possession, which was, in effect,
denied as moot, cannot be entertained in the present posture of the proceeding. Tenant is not out
of possession pursuant to the default final judgment of possession, so the requested relief does
not sound in restitution (see CPLR 5015 [d]). Instead, tenant was locked out of the
premises prior to the commencement of this proceeding, and its claim for relief is, in effect,
based upon RPAPL 713 (10). We note, however, that if there is a new tenant in possession,
tenant must, in the first instance, join the new tenant (see Eight Assoc. v Hynes, 102
AD2d 746 [1984], affd 65 NY2d 739 [1985]; Guoco Hempstead Prop., LLC v Eltaiar, 66 Misc 3d 145[A], 2020
NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Adelphi Assoc., LLC v Gardner, 18
Misc 3d 132[A], 2008 NY Slip Op 50085[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2008]).
Accordingly, the order is modified by providing that so much of the order as denied the
branches of tenant's motion seeking to vacate the default final judgment and to restore the
proceeding to the court's calendar is vacated and those branches of tenant's motion are
granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021