Nisim v Ramirez (2021 NY Slip Op 50877(U))

[*1]

Nisim v Ramirez

2021 NY Slip Op 50877(U) [73 Misc 3d 126(A)]

Decided on May 28, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 28, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-492 Q C

David Nisim, Respondent,
against
Christopher Ramirez, et al., Appellants. 

Robert A. Katz and Moira C. Brennan of counsel, for appellants.
Novick, Edelstein, Pomerantz. P.C. (Gregory S. Bougopoulos of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S.
Lansden, J.), dated December 6, 2018. The order, entered pursuant to an order of that court dated
January 24, 2018 granting landlord's motion for use and occupancy pendente lite in a licensee
summary proceeding and setting the matter down for a hearing to determine the monthly rate,
after a hearing, set the monthly rate for use and occupancy pendente lite in the amount of
$1,413.05.

ORDERED that the order is affirmed, without costs.
Landlord commenced this licensee proceeding (see RPAPL 713 [7]) against
occupants in May 2017, following the death of the long-term tenant of the subject apartment, and
occupants have interposed a claim for succession rights. The apartment was one of several which
were subject to Expulsion Order 326 dated July 10, 1979 (expulsion order) of the Conciliation
and Appeals Board which "terminated" landlord's predecessor's membership in the Rent
Stabilization Association and provided that "the owner is not entitled to any of the benefits of the
Rent Stabilization Law, including rent guidelines increases." Following the expulsion order, and
until the tenant's death, the unit was regulated as rent controlled. It is uncontested that the
expulsion order remains in effect. 
Landlord moved for use and occupancy during the pendency of this proceeding (see
RPAPL 745 [2] [a]). By order dated January 24, 2018, the Civil Court granted landlord's motion
[*2]and scheduled a hearing to determine the amount of monthly
use and occupancy. At the hearing, landlord submitted evidence that the tenant's maximum
collectible rent, set pursuant to rent control regulation, was $1,413.05 at the time of his death. By
order dated December 6, 2018, the court set the monthly rate of use and occupancy pendente lite
in the amount of $1,413.05. Occupants appeal, arguing that use and occupancy should be set at
$219.30, the rent at the time the expulsion order was issued in 1979, on the ground that landlord
had not been entitled to the rent-control increases that had been permitted.
Contrary to occupants' argument, use and occupancy should generally be set at the fair rental
value of the premises (see Cooper v Schube, 101 AD2d 737 [1984]; Vanchev v Mulligan, 52 Misc 3d
138[A], 2016 NY Slip Op 51121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]; Sneddon v Greene, 17 Misc
3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]), and that determination can be
based upon, among other things, proof of the rent paid under an expired lease (see Warner v Lyon, 63 Misc 3d
157[A], 2019 NY Slip Op 50836[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; Siodlak v Light, 50 Misc 3d
141[A], 2016 NY Slip Op 50202[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Here, the record supports the court's decision to set monthly use and occupancy pendente lite at
$1,413.05, the tenant's maximum collectible rent prior to his death. 
We note that, while occupants argue on appeal that the notice of petition and petition were
not properly served, which defense, if properly interposed, would foreclose the court from
directing the payment of use and occupancy pendente lite (see RPAPL 745 [2] [a] [vii]),
any such objection was waived by, among other things, occupants' failure to raise the issue in
their pre-answer motion to dismiss the petition (see CPLR 320; 3211 [e]; Parasconda v Club Mateem, Inc., 33
Misc 3d 141[A], 2011 NY Slip Op 52201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]; Washington v Palanzo, 192 Misc 2d 577 [App Term, 2d Dept, 9th &
10th Jud Dists 2002]).
In view of the foregoing, we do not reach occupants' remaining arguments.
Accordingly, the order is affirmed. 
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 28, 2021