Shirley Plaza Realty Corp. v Kun Dan (2022 NY Slip Op 51142(U))

[*1]

Shirley Plaza Realty Corp. v Kun Dan

2022 NY Slip Op 51142(U) [77 Misc 3d 128(A)]

Decided on November 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-194 S C

Shirley Plaza Realty Corp.,
Respondent,
against
Kun Dan and Yu Zhao, Appellants.

Worontzoff Law Office, (Patrick C. Carroll of counsel), for appellants.
Lisa Jadidian, for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James
P. Flanagan, J.), dated April 7, 2021. The order denied tenants' motion to vacate a default
final judgment of that court entered April 19, 2018 and to set the matter down for trial in
a nonpayment summary proceeding.

ORDERED that the order is reversed, without costs, and tenants' motion to vacate
the default final judgment and to set the matter down for trial is granted.
After tenants failed to appear or answer the petition in this commercial nonpayment
proceeding, a default final judgment was entered awarding landlord possession and rent
arrears. Tenants moved to vacate the default final judgment and to set the matter down
for trial, alleging, among other things, that they had not been served with the notice of
petition and petition. Neither party attached the affidavit of service of the notice of
petition and petition to their submissions to the District Court. By order dated April 7,
2021, the District Court denied tenants' motion, stating that "[t]he Petition and Notice of
Petition were affixed to the rental premises." Both parties submitted with their appellate
briefs an affidavit of service of the notice of petition and petition alleging that service
was effectuated by conspicuous-place service at the subject premises on March 6, 2018
after three unsuccessful attempts at personal service at the premises between March 3 and
6, 2018. Tenants alleged, and landlord did not dispute, that, at the time of the attempts at
personal service at the premises, landlord was aware that tenants had vacated the
premises on February 28, 2018.
Pursuant to RPAPL 735, conspicuous-place service is permitted only where the
landlord has attempted personal or substituted service and failed after having made a
"reasonable application," which requires that there is "at least a 'reasonable expectation
of success' in finding [*2]a person on the premises to
whom delivery may be made" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25
Misc 3d 130[A], 2009 NY Slip Op 52121[U], *1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2009], quoting Naman v Sylveen Realty Co., 222 AD2d
564, 565 [1995]). In addition, when a tenant defaults in a summary proceeding in which
service was effectuated by conspicuous-place service, a monetary award may only be
made where the due diligence requirements of CPLR 308 (4) have been met (see Avgush v Berrahu, 17 Misc
3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). "While the precise
manner in which due diligence is to be accomplished is not rigidly prescribed, the
requirement that due diligence must be exercised must be strictly observed, given the
reduced likelihood that [papers] served [by conspicuous-place service] will be received"
(Greene Major Holdings, LLC v
Trailside at Hunter, LLC, 148 AD3d 1317, 1320-1321 [2017] [internal
quotation marks and citations omitted]; see also Merrbill Holdings, LLC v Toscano, 59 Misc 3d
129[A], 2018 NY Slip Op 50410[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Here, the District Court failed to determine whether landlord had made a "reasonable
application" to complete personal or substituted service before resorting to
conspicuous-place service, or whether service in this manner met the due diligence
requirements of CPLR 308 (4). Consequently, we reverse the District Court's order and,
in lieu of remitting the matter to the District Court for a new determination of tenants'
motion, we take judicial notice of the affidavit of service that the parties submitted with
their appellate briefs (see Wolf
v Wahba, 164 AD3d 1405, 1406 [2018]; Matter of Khatibi v Weill, 8 AD3d 485, 485-486 [2004];
Matter of Allen v Strough, 301 AD2d 11, 18-19 [2002]) and review tenants'
motion in light of that affidavit.
Since it is undisputed that, at the time of the attempts at personal service at the
premises in early March 2018, landlord was aware that tenants had vacated the premises
on February 28, 2018, landlord's attempts at service did not constitute a "reasonable
application" (RPAPL 735) prior to resorting to conspicuous-place service, and, thus, the
service was defective (see
Joseph v Lyu, 58 Misc 3d 159[A], 2018 NY Slip Op 50250[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]; Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016
NY Slip Op 50792[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). For the
same reason, service pursuant to CPLR 308 (4) was not effectuated (see Merrbill
Holdings, LLC v Toscano, 2018 NY Slip Op 50410[U]; Avgush v Pascale, 25 Misc 3d
139[A], 2009 NY Slip Op 52380[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2009]). As a result, the default final judgment must be vacated pursuant to CPLR 5015
(a) (4). We note that, though tenants do not seek to be restored to possession, "[i]n the
absence of proper service of process, the resulting default judgment entered against
[tenants] was a nullity" (Fleisher
v Kaba, 78 AD3d 1118, 1120 [2010]). Therefore, both the possessory and the
monetary awards in the default final judgment must be vacated.
As tenants did not seek to dismiss the petition for lack of personal jurisdiction, but
instead sought to set the matter down for trial, tenants have demonstrated their intention
to submit to the jurisdiction of the court, going forward, following the court's vacatur of
the default final judgment for lack of jurisdiction (see 214 Knickerbocker, LLC v Molly's Milk Truck Sweet &
Savory, LLC, 71 Misc 3d 135[A], 2021 NY Slip Op 50416[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2021]; Parasconda v Club Mateem, Inc., 33 Misc 3d 141[A], 2011
NY Slip Op 52201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011];
Washington v Palanzo, 192 Misc 2d 577, 580 [App Term, 2d Dept, 9th &
10th Jud Dists 2002]). Consequently, the [*3]branch of
tenants' motion seeking to set the matter down for trial is granted (see 214
Knickerbocker, LLC v Molly's Milk Truck Sweet & Savory, LLC, 2021 NY
Slip Op 50416[U]).
Accordingly, the order is reversed and tenants' motion to vacate the default final
judgment and to set the matter down for trial is granted.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 3, 2022