■ HAROLD COOPER, Respondent-Appellant, v DANIEL SCHUBE et al., Individually and as Trustees under the Last Will and Testament of MORRIS SCHUBE, Deceased, et al., Appellants-Respondents. — Order, Supreme Court, New York County (L. Grossman, J.), entered August 12, 1983, disposing of motions and cross motions to dismiss certain counterclaims and certain affirmative defenses thereto, and for discovery, is modified, on the law and in the exercise of discretion, to the extent that so much of the order as limits defendants' first and second counterclaims to the amount of the plaintiff's undertaking on the preliminary injunction is reversed, and the order is otherwise affirmed, without costs. ¶ (Previous appeal in same case, see 86 AD2d 62.) ¶ Defendants are entitled to recover for the fair market value of use and occupancy of the apartment by plaintiff (less amounts paid) after the expiration of the lease. To the extent that such value of use and occupancy exceeds the amount paid, recovery of such excess is not properly damages because of the preliminary injunction which would be limited to the amount of the undertaking but is rather restitution for unjust enrichment not so limited. *(Bedell Co. v Harris,* 228 App Div 529.)* Interim payments for use and occupancy pursuant to the preliminary injunction order were expressly directed to be "without prejudice to either party." It does not matter that the selling value of the apartment may have increased in the interim; as the apartment has been determined to belong to defendants, defendants are entitled to whatever benefits flow from that ownership, either by way of capital appreciation or income. ¶ With respect to the second counterclaim for attorney's fees, the questions whether the attorney's fees incurred can fairly be said to be only those caused by the preliminary injunction and so limited by the amount of the undertaking, and if not, whether they are recoverable under the lease, are not sufficiently clear to warrant a determination of that point at this pleading stage. Whether attorney's fees are sought under the undertaking or under the lease, presumably the court will have to take proof of the nature of all the services rendered and then, if necessary, make appropriate allocations. The court will be better able to analyze the problem after such proof has been taken. Concur — Ross, Asch, Silverman and Lynch, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would affirm. To suggest that the defendants are entitled to "restitution" is to ignore reality. The delay caused by the injunction granted to the plaintiff has enriched the defendants. (See *Donovan v Bierwirth,* 538 F Supp 463 [Mishler, J.]; mod 680 F2d 263.) ¶ Initially, there were three counterclaims, the third being the contention of inability to sell the apartment during the pendency of the injunction obtained by the plaintiff. That the defendants have abandoned their claim with respect to any possible loss on sale merely reinforces the obvious, which is that the real estate market has soared, making the delay a decided windfall for the defendants.