■ PRUDENTIAL-BACHE SECURITIES, INC., Plaintiff, v RESNICK WATER STREET DEVELOPMENT Co. et al., Defendants and Third-Party Plaintiffs. KERBY-SAUNDERS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; W. A. DiGIACOMO ASSOCIATES, P. C., Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendants.—Order of Supreme Court, New York County (Shirley Fingerhood, J.), entered November 18, 1988, which granted the motion of fourth-party defendant W. A. DiGiacomo Associates for summary judgment dismissing the complaint of fourth-party plaintiff Kerby-Saunders, Inc. pursuant to CPLR 3212, unanimously affirmed. Order of said court, entered May 18, 1989, which granted reargument and, upon reargument, adhered to its prior decision, unanimously affirmed, without costs.

This action arose in connection with the construction of the offices of Prudential-Bache Securities, Inc. at One Seaport Plaza in Manhattan. Plaintiff, Prudential-Bache Securities, Inc., contracted with defendant Resnick Water Street Development Co., the owner/landlord and developer of the entire project, to build its office space in the building. Architects Swanke Hayden Connell were originally retained by Resnick Water Street Development to design the main building. However, in connection with its occupancy of the 24th through 33rd floors, Prudential separately retained Swanke Hayden Connell to design its offices. The architects hired the fourth-party defendant W. A. DiGiacomo Associates as mechanical engineering consultants for the main building, and, under a separate agreement, retained them to design supplemental systems, including a supplemental air-conditioning system for Prudential's offices. Resnick Water Street Development retained fourth-party plaintiff Kerby-Saunders, Inc. to build the mechanical and electrical systems for the main building and separately retained it to build, install and maintain for one year the supplemental systems, including the supplemental air-conditioning system for Prudential's offices.

Approximately 1½ years after Prudential occupied the space, a problem developed with the air-conditioning system, necessitating remedial work allegedly costing $2,000,000 to prevent failure of the system and attendant damage. Prudential commenced the main action against Resnick Water Street

Development Co. and other corporate entities connected with the landlord in which it asserted five causes of action, all based on Resnick's breach of its contract with the plaintiff. Resnick and the associated defendants commenced the third-party action against Kerby-Saunders, Inc., based on the contract between Resnick and Kerby-Saunders. Architects Swanke Hayden Connell were not sued by Prudential or impleaded by any defendant in the action.

Kerby-Saunders commenced the fourth-party action against fourth-party defendant W. A. DiGiacomo and the various suppliers of materials, seeking common-law contribution and indemnity. W. A. DiGiacomo successfully moved for summary judgment pursuant to CPLR 3212 and this appeal ensued.

It is not disputed that no contract existed between Kerby-Saunders and W. A. DiGiacomo Associates. It is clear also that Kerby-Saunders' fourth-party complaint asserts a claim for common-law contribution and indemnity against W. A. DiGiacomo Associates for its potential liability under its contract with the Architects which may be triggered by Resnick's liability under its contract with Prudential. The fourth-party complaint in essence attempts to plead that W. A. DiGiacomo would be liable to Kerby-Saunders based on W. A. DiGiacomo's alleged breach of its contract with Swanke Hayden Connell Architects.

It is clear that CPLR 1401 does not permit contribution between two parties whose potential liability to a third party is based upon economic loss resulting only from breach of contract. (Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 25.) Fourth-party plaintiff's attempts to argue that a duty was owed to it by DiGiacomo because of some form of implied privity based upon contact between the two companies is unavailing. W. A. DiGiacomo owed a duty to Swanke Hayden Connell under their contract and perhaps to Prudential. Its supervision of the work was not for the benefit of Kerby-Saunders. By the same token Kerby-Saunders cannot seek to cast W. A. DiGiacomo in the role of insurer with the architectural firm. The ambit of duty created by privity and relationships so close as to approach that of privity is narrowly defined in this State, and the relationship between fourth-party plaintiff and fourth-party defendant does not fall within it. (See, Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417; cf., SSDW Co. v Feldman-Misthopoulos Assocs., 151 AD2d 293.) Kerby-Saunders cannot rely on a theory of indemnification or implied indemnification in the absence of a duty flowing from W. A. DiGiacomo

Associates to it. *(SSDW Co. v Feldman-Misthopoulos Assocs., supra.)* Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.