■ JOHN F. SCHMUTZ, as Chapter 11 Trustee for the Estate of VENTURE MORTGAGE FUND, L.P., Appellant, v FLEET BANK, N. A., Respondent, et al., Defendant. JOHN F. SCHMUTZ, as Chapter 11 Trustee for the Estate of VENTURE MORTGAGE FUND, L.P., Appellant, v STERLING NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent. [716 NYS2d 668] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered August 19, 1999, dismissing the complaint in Index No. 604835/98 pursuant to an order, same court and Justice, entered August 2, 1999, granting the motion by defendant Sterling National Bank and Trust of New York to dismiss the complaint pursuant to CPLR 3211 (a) and 3016 (b), and judgment, same court and Justice, entered February 25, 2000, dismissing the complaint in Index No. 604260/98 as against defendant Fleet Bank, N. A. pursuant to an order, same court and Justice, entered February 22, 2000, granting Fleet's motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) and 3016 (b), unanimously affirmed, without costs. Appeals from the aforesaid orders granting the dismissal motions unanimously dismissed, without costs, as subsumed in the appeals from the ensuing judgments.

The complaint in each action alleges that the defendant bank cooperated with the president of the now-bankrupt limited partnership's corporate general partner (Schick) in Schick's defalcations from attorney trust accounts containing funds deposited by third parties in reliance on guaranties of repayment Schick executed on behalf of the limited partnership. The motion court correctly dismissed the complaints on the ground that plaintiff, the trustee of the limited partnership's estate in bankruptcy, lacks standing to assert the causes of action pleaded against the banks because he fails to allege any direct injury to the limited partnership independent of the harm suffered by the third-party depositors, its creditors, to whom such causes of action belong (*see, e.g., Hirsch v Arthur Andersen & Co.*, 72 F3d 1085, 1093; *Shearson Lehman Hutton v Wagoner*,

944 F2d 114, 118). We note in this connection that the complaints do not allege that funds of the limited partnership were ever deposited in the relevant bank accounts. We further note that the complaints cannot be sustained at present as seeking apportionment, pursuant to CPLR article 14, of the limited partnership's tort liability to the third-party depositors, since plaintiff has not paid the claims of such depositors to date, rendering independent actions for contribution premature (*see, Alside, Inc. v Spancrete Northeast*, 84 AD2d 616, 617; *compare*, CPLR 1007). The foregoing makes it unnecessary for us to reach the parties' other arguments. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.