JOY KELLMAN, Appellant, v WALTER MOSLEY, Respondent. [873 NYS2d 905]—

Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered July 16, 2008, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment as to liability, and calculated interest on late payments from the dates of failure to cure, unanimously modified, on the law, the matter remanded for recalculation of the interest from the dates of initial breach, and otherwise affirmed, without costs.

Plaintiff contends that the settlement agreement unambiguously entitles her to share in revenues from any "copyrightable element" of the works defendant published during their marriage. The agreement does not expressly say this, and is susceptible to more than one reasonable interpretation. The IAS court therefore properly considered extrinsic evidence on the motion (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 190-191 [1986]), and that evidence highlighted a factual issue as to the meaning of the clause. Accordingly, summary judgment was properly denied.

As to defendant's late payments, plaintiff should be entitled to interest calculated from the due date as laid out in the agreement. Interest on the payments accrues from the time of an actionable breach (CPLR 5001). The agreement contains a provision for notice and cure in the event of a payment breach.

However, unlike the typical cure clause, this one did not bar plaintiff from suing immediately on a breach. Rather, it provides an additional right: in the event plaintiff gives notice and an opportunity to cure, she can still sue and recover attorney's fees as well. We conclude that each breach occurred on the due date for that payment, and all interest should be calculated from those dates. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.