Americon Constr., Inc. v Cirocco & Ozzimo, Inc. (2022 NY Slip Op 03342)





Americon Constr., Inc. v Cirocco & Ozzimo, Inc.


2022 NY Slip Op 03342


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 657158/19 Appeal No. 15990 Case No. 2021-01590 

[*1]Americon Construction, Inc., Doing Business as Americon-Hitt, Plaintiff-Respondent,
v
Cirocco & Ozzimo, Inc., et al., Defendants, The Laquila Group Inc., Defendant-Respondent.
The Laquila Group Inc., Third-Party Plaintiff-Respondent,
v
Tomasetti Consulting, LLC, et al., Third-Party Defendants, Thornton Tomasetti, Inc., Third-Party Defendant-Appellant.


Quinn McCabe LLP, New York (Matthew S. Quinn of counsel), for appellant.
Peckar & Abramson, P.C., New York (Gregory H. Chertoff of counsel), for Americon Construction Inc., respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for The Laquila Group Inc. respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered April 1, 2021, which, insofar as appealed from as limited by the briefs, denied third-party defendant Thornton Tomasetti, Inc.'s (Thornton) motion to dismiss defendant The Laquila Group Inc.'s amended third-party complaint as against it and granted plaintiff Americon Construction, Inc.'s motion to amend the complaint to add negligence, contractual and common-law indemnification, and contribution claims against Laquila, unanimously reversed, on the law, with costs, the motion to dismiss granted and the motion to amend denied.
The motion court should have dismissed Laquila's contribution claim against Thornton, because the underlying claim by Americon against Laquila was for purely economic loss resulting from a breach of contract (see generally CPLR 1401; Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 323-324 [1st Dept 2009]). Although the complaint also alluded to property damage, the only damages that Americon sought to recover from Laquila was the cost of repairs and delays resulting from Laquila's contractually noncompliant work — classic breach of contract damages (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 24, 28-29 [1987]; Trump Vil. Section 3 v NY State Hous. Fin. Agency, 307 AD2d 891, 897 [1st Dept 2003], lv denied 1 NY3d 504 [2003]).
The motion court should also have dismissed Laquila's negligence claim against Thornton. There can be no recovery for purely economic losses arising out of negligent construction in the absence of contractual privity (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 421-424 [1989]; Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc., 190 AD2d 636, 637 [1st Dept 1993]). It is undisputed that Laquila (a subcontractor retained by the construction manager to perform excavation work) and Thornton (a structural engineering consultant retained by the architect) did not have any contractual relationship with each other, and Laquila did not allege that they have the "functional equivalent of contractual privity" (Ossining Union, 73 NY2d at 419, 425; see also Sykes v RFD Third Ave. 1 Assoc., LLC, 67 AD3d 162, 163, 166-168 [1st Dept 2009], affd 15 NY3d 370 [2010]; Prudential-Bache Sec. v Resnick Water St. Dev. Co., 161 AD2d 456, 457 [1st Dept 1990]).
The motion court should have denied Americon leave to amend its complaint to add a negligence claim against Laquila, because such a claim would be time-barred. The original complaint was not filed until over three years after the subject incident took place and the alleged property damage was apparent (see generally CPLR 214[4]; Russell v Dunbar, 40 AD3d 952, 953 [2d Dept 2007]).
The motion court should also have denied Americon leave to amend its complaint to add contractual and common-law indemnification and contribution claims against Laquila, because these claims have [*2]not yet accrued. "[C]laims for indemnification and/or contribution do not accrue for purposes of the Statute of Limitations until the party seeking indemnification and/or contribution has made payment to the injured person" (F. W. Woolworth Co. v Southbridge Towers, 101 AD2d 434, 440 [1st Dept 1984]). Americon has made no such allegations of payment here. Although indemnification or contribution claims may be asserted by way of a third-party action, even if technically premature (see CPLR 1007; DiPerna v Am. Broadcasting Cos., 200 AD2d 267, 270 [1st Dept 1994]), this exception does not apply where, as here, the plaintiff seeks to assert such claims directly in the main action and not by impleader in a third-party action (see Schmutz v Fleet Bank, 278 AD2d 19, 20 [1st Dept 2000]; Mars Assoc., Inc. v New York City Educ. Constr. Fund, 126 AD2d 178, 191-192 [1st Dept 1987], lv dismissed 70 NY2d 747 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022