| Ali Baba Hotel Corp. v Prose |
| :---: |
| 2024 NY Slip Op 32294(U) |
| July 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150993/2022 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**      PART      61M

*Justice*

-------------------------------------------------------------------------------X

ALI BABA HOTEL CORP. d/b/a AMSTERDAM COURT HOTEL and EAST SIDE INN LLC d/b/a THE MARCEL AT GRAMERCY,

                     Plaintiffs,

- v -

ALEXANDER PROSE, REHAN KAPADIA, BELLA MANDOKI, CARLOS CARRILLO and THALIA HERRERA,

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150993/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 006 008 009 010 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 239, 244, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 318, 319, 320, 330, 331, 332, 333, 334, 335, 364

were read on this motion to/for             JUDGMENT – SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 240, 246, 323, 324, 365

were read on this motion to/for             JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 241, 247, 321, 322, 329, 366

were read on this motion to/for             JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 242, 248, 327, 328, 367

were read on this motion to/for             JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 243, 249, 325, 326, 368

were read on this motion to/for             JUDGMENT - SUMMARY        .

## I.      INTRODUCTION

In this action, alleging, *inter alia*, breach of contract and nuisance, each of the

defendants, Alexander Prose, Rehan Kapadia, Bella Mandoki, Thalia Herrera, and Carlos

**150993/2022 ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No. 006 008 009 010 011**

**Page 1 of 15**

[* 1]

Carrillo, separately move, pursuant to CPLR 3212, for summary judgment dismissing the amended complaint of the plaintiffs Ali Baba Hotel Corp. d/b/a Amsterdam Court Hotel ("Amsterdam Hotel") and East Side Inn LLC d/b/a The Marcel at Gramercy Hotel ("Marcel Hotel") and granting each defendant's identical counterclaim for judgment declaring that they are rent-regulated tenants entitled to a lease (MOT SEQ 006, 008, 009, 010, and 011). .

The plaintiffs oppose the motions and cross-move for an order: (1) pursuant to CPLR 3212 granting them partial summary judgment on their first cause of action for breach of contract against Prose and dismissal of Prose's counterclaim; (2) pursuant to CPLR 2201, staying determination of their seventh cause of action for declaratory judgment and the remaining defendants' declaratory judgment counterclaims until the DHCR issues a determination; and (3) pursuant to New York Real Property Law § 220, for use and occupancy *pendente lite.* The defendants oppose the cross-motion.

## II.     BACKGROUND

The plaintiffs are two affiliated Manhattan hotels owned and managed by the same group of individuals. Prose previously occupied Unit 312 at the Amsterdam Hotel, located at 224 West 50th Street in Manhattan, until July 26, 2019, when he and the hotel executed a Surrender Agreement whereby, in exchange for a payment of $100,000, Prose agreed to surrender the unit immediately and warranted that he would not "occupy any other unit affiliated with [Amsterdam Hotel]." Pursuant to the agreement, on July 26, 2019, Prose vacated his unit and Amsterdam Hotel paid him $100,000. Two years passed.

From October 2021 to January 2022, the defendants each took up occupancy at the Marcel Hotel, located at 201 East 24th Street in Manhattan, - Prose on October 19, 2021; Kapadia on December 17, 2021; Mandoki on December 5, 2021; and Herrera and Carrillo on January 27, 2022. Each defendant signed a check-in receipt detailing their room number and the nightly rate charged for their respective units, as follows: Prose in Unit 1101 for $249 per night; Kapadia in Unit 814 for $621.94 per night; Mandoki in Unit 1103 for $479 per night; Herrera in Unit 704 for $124.02 per night; and Carrillo in Unit 1003 for $217.62 per night. On the same day they signed the agreements and took up occupancy, each defendant emailed the Marcel Hotel requesting a rent stabilized lease. The defendants have made no payments to the Marcel Hotel but nonetheless remain in occupancy in their respective units therein.

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**                    **Page 2 of 15**
  **Motion No.  006 008 009 010 011**

2 of 15

[* 2]

The plaintiffs commenced this action on February 7, 2022, against defendants Prose, Kapadia and Mandoki, alleging six causes of action sounding in breach of contract and nuisance and seeking monetary damages, punitive damages and a permanent injunction. The injunction sought to enjoin the defendants from engaging in further acts of nuisance or any similar acts that cause or threaten harm to the Marcel Hotel and its staff and guests. By an order dated September 27, 2022, the court granted the plaintiffs' motion to amend their complaint to add two defendants, Carillo and Herrera, and a cause of action for a judgment declaring that the Marcel Hotel itself is not subject to the Rent Stabilization Law or laws related to single room occupancy (SRO) buildings and that the defendants are not entitled to rent-stabilized leases for the rooms they occupy (MOT SEQ 002).

In their amended complaint, plaintiff Amsterdam Hotel alleges the first four of seven causes of action against Prose alone for (i) breach of contract, (ii) recission, (iii) unjust enrichment, and (iv) fraud, seeking to recover the $100,000 it paid to Prose under the Surrender Agreement. Plaintiff Marcel Hotel alleges the remaining three causes of action against Prose, Kapadia, and Mandoki for: (v) extortion, harassment, annoyance, and nuisance (combined in a single cause of action), seeking $1,000,000 in compensatory and consequential damages and $1,000,000 in punitive damages; (vi) a permanent injunction prohibiting, restraining, and enjoining Prose, Kapadia, and Mandoki from engaging in further nuisance acts that cause or threaten injury to Marcel Hotel's business and reputation, its guests' safety, and/or its and its guests' use and enjoyment of the premises; and (vii) a judgment declaring that the Marcel Hotel is not subject to the Rent Stabilization Law or other laws related to single room occupancy (SRO) restricted buildings, the defendants are not rent regulated tenants of the Marcel Hotel, and the defendants are not entitled to continued occupancy and/or rent stabilized leases for the units they occupy. The fifth cause of action titled "extortion, harassment, annoyance and nuisance" (the "nuisance" cause of action) essentially alleges that the defendants, acting in concert under the leadership of Prose, engaged in a scheme to disrupt the business by, *inter alia*, making false reports and complaints to the Department of Building and the Fire Department regarding the condition of the Marcel Hotel and extract money from the Marcel Hotel, held unauthorized parties with unauthorized guests, placed furniture in hallways, and that on one occasion, Prose, dressed in a robe, grilled food in the hotel lobby.

The defendants' answers each allege identical affirmative defenses and an identical counterclaim for a judgment declaring that: (i) each defendant is a rent regulated tenant under

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No.  006 008 009 010 011**

**Page 3 of 15**

[* 3]

the law, (ii) Marcel Hotel's refusal to tender a lease to each defendant, and the plaintiffs' subsequent initiation of this action, constitutes harassment of a rent regulated tenant, which is prohibited under the law; and (iii) each defendant is entitled to continued occupancy and a rent-regulated lease at the Marcel Hotel.  The instant motions ensued.

The court notes that Kapadia, Mandoki, Herrera, and Carrillo, who are all proceeding *pro se*, merely replicate, or "copy and paste", the motion papers submitted by Prose, including the submission of a copy of Prose's answer instead of their own.  The pro se defendants have thus not submitted all pleadings with their motions as required by CPLR 3212(b).

In March 2022, two months after the action was commenced, plaintiff Marcel Hotel submitted to the New York State Division of Housing Community and Renewal (the "DHCR") a "substantial rehabilitation application" seeking a determination that the Marcel Hotel was substantially rehabilitated between 1997 and 2007 and is therefore exempt from New York's Rent Stabilization Law.  In that proceeding, the plaintiffs contend that in 1987 hotel was a "Class B Hotel" or SRO as defined in the Multiple Dwelling Law, that 14 of the units (less than 20% of the total units) were registered with DHCR as being occupied by "permanent tenants" but that those tenants vacated due to the poor condition of the building, and renovations totaling $3.5 million began thereafter, while the building was over 80% vacant, concluding 20 years later.

After filing that application, the plaintiffs did not withdraw the seventh cause of action of their complaint seeking essentially the same determination in the form of a declaratory judgment. On this motion, the plaintiffs submit the application materials submitted to DHCR between March 2022 and May 2023. Per counsel, that application remains pending and a decision is now expected "at any time." The plaintiffs do not state whether the Marcel Hotel was subject to the Rent Stabilization Law prior to the rehabilitation or prior to Marcel Hotel's application or otherwise explain the application or its timing.

III.     DISCUSSION

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to establish the absence of any material, triable issues of fact.  See CPLR 3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 (2014); Alvarez v Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980).

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No.  006 008 009 010 011**

**Page 4 of 15**

4 of 15

[* 4]

Once the movant meets this burden, it becomes incumbent upon the party opposing the motion to come forward with proof in admissible form sufficient to raise a triable issue of fact. See Alvarez v Prospect Hospital, supra; Zuckerman v City of New York, supra.

### (1) Amsterdam Hotel's Four Causes of Action Against Prose

#### a. Breach of Contract

To successfully prosecute a cause of action for breach of contract, the party making the claim is required to establish (1) the existence of a contract, (2) the party's performance under the contract; (3) the opposing party's breach of the contract, and (4) resulting damages. See Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010).

The plaintiffs meet their burden *prima facie* by submitting a copy of the Surrender Agreement and Prose's check-in receipt for his room at the Marcel Hotel, dated October 19, 2021, demonstrating Prose occupied a room at an affiliated hotel, as well as resulting damages in the amount of the $100,000, the amount paid to Prose under the agreement. The plaintiffs also submit and rely upon the affidavit of Sharon Olson, a principal owner of Amsterdam Hotel, Marcel Hotel and Marcel 201 LLC, the entity that operates the Marcel Hotel, in which she avers that Amsterdam Hotel performed its obligations under the Surrender Agreement by paying Prose the agreed-upon sum of $100,000, and that Prose violated the agreement by occupying a unit at the Marcel Hotel, which is affiliated with the Amsterdam Hotel. Olson's affidavit establishes that the hotels are, in fact, affiliated in that she is a shareholder of Amsterdam Hotel and a member of both Marcel Hotel and nonparty Marcel 201 LLC, the entity that operates the Marcel Hotel, and that the plaintiffs are each owned, in the majority of 75% or more, by Olson and one other person. The plaintiffs' affiliated status is further corroborated by Amsterdam Hotel's submission of the 2019 and 2021 K-1 tax returns Olson filed for both plaintiffs, as well as Marcel 201 LLC, which attest to Olson's ownership and control of all three entities.

An "affiliate" is a "person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, a specified person." NY Business Corporation Law § 912(a)(1). "As a general matter, an 'affiliate' is defined as a 'corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation' (Black's Law Dictionary [9th ed. 2009]*; see also* VKK Corp. v. National Football League, 244 F.3d 114, 130 [2d Cir.2001] [defining "affiliate" as "being close in

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**               **Page 5 of 15**
**Motion No.  006 008 009 010 011**

connection, allied, associated, or attached as a member or branch"]." Ellington v EMI Music, Inc., 24 NY3d 239, 347 (2014) [Rivera, J., dissenting]. The presence of common control is the key factor. See Aetna Life Ins. Co. v ABS Prop., Inc., 186 AD2d 1992) [common control by virtue of an overlapping of both corporate officers and shareholders]; cf. Rose Group Park Ave. LLC v Third Church Christ, Scientist, of New York City, 206 AD3d 546 (1st Dept. 2022) [record inconclusive as to whether plaintiff LLC's principal controlled another LLC].

In opposition, Prose fails to submit evidence sufficient to raise a triable issue of fact. He contends that the Amsterdam Hotel and the Marcel Hotel are not affiliated, proffering the deeds and HPD ownership information for each hotel's premises, which show that the real property on which each hotel sits is owned by different entities—i.e., the two plaintiffs. However, this in no way rebuts the proof demonstrating that the plaintiffs are affiliated entities by virtue of their being under the common control. Similarly, Prose's submission of the New York Department of State entity information for each plaintiff does not raise a triable issue of fact because it does not demonstrate or even suggest that these two entities are not commonly controlled by the same owners. Indeed, the entity information submitted does not contain any information about the plaintiffs' ownership at all.

In that regard, Prose also contends that he did not breach the Surrender Agreement by moving into the Marcel Hotel because the language in the Surrender Agreement barring him from occupying "another unit affiliated with [Amsterdam Hotel]" only applies to other units in the Amsterdam Hotel, and not to units in other hotels affiliated with Amsterdam Hotel. This argument is unavailing as the plain meaning of the phrase "affiliated with" in the Surrender Agreement necessarily encompasses units outside of the Amsterdam Hotel. "A fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their written contract." Goldman v White Plains Ctr. For Nursing Care, LLC, 11 NY3d 173, 176 (2008). Logic dictates that if the parties had intended for the Surrender Agreement's prohibition of future occupancy to be limited only to the units within the Amsterdam Hotel, they could have expressly stated as much and the sum paid to Prose may have been less. Indeed, there would be no need to pay Prose to stay out of only the Amsterdam Hotel as the Amsterdam Hotel could simply deny him access if he attempted to return. Notably, it appears that personnel present at the Marcel Hotel on October 19, 2021, when Prose took up occupancy there, were unaware of the Surrender Agreement signed two years prior.

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**                    **Page 6 of 15**
  Motion No.  006 008 009 010 011

6 of 15

For these reasons, the plaintiffs' motion is granted to the extent that it seeks summary judgment on the first cause of action against Prose for breach of contract, and Prose's motion is denied to the extent that it seeks dismissal of this cause of action.

In light of the breach, Amsterdam Hotel is entitled to disgorgement of the $100,000 paid to Prose under the Surrender Agreement, plus costs and interest. Generally, interest is computed "from the earliest ascertainable date the cause of action existed". CPLR 5001(b). In a breach of contract action, interest "accrues from the time of an actionable breach." Kellman v Mosley, 60 AD3d 457, 457 (1st Dept. 2009); see generally Brushton-Moira Cent. Sch. Dist. v Fred H. Thomas Assocs., P.C., 91 NY2d 256 (1998); Love v State of New York, 78 NY2d 540 (1991). Therefore, Amsterdam Hotel is entitled to statutory interest from October 19, 2021, the date of the breach.

### b. Recission, Unjust Enrichment, and Fraud

Defendant Prose's motion is granted to the extent that it seeks dismissal of Amsterdam Hotel's second, third, and fourth causes of action sounding in recission, unjust enrichment, and fraud, respectively, as they are duplicative of its breach of contract claim. The recission and unjust enrichment causes of action provide equitable remedies that are not available where there is an adequate legal remedy. See Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 (1987); Empire Outlet Builders LLC v Constr. Res. Corp. of New York, 170 AD3d 582, 583 (1st Dept. 2019); Pate v BNY Mellon-Alcantra Mezzanine III, LP, 163 AD3d 429 (1st Dept. 2018); JDF Realty, Inc. v Sartiano, 93 AD3d 410 (1st Dept. 2012). Here, Amsterdam Hotel could avail itself to money damages for breach of the Surrender Agreement.

As to the fraud claim, Amsterdam Hotel alleges in the amended complaint that Prose's warranty in the Surrender Agreement that he would not occupy any units in hotels affiliated with Amsterdam Hotel, on which Amsterdam Hotel relied in making payment to Prose under the Agreement, was knowingly false and made with intent to defraud. "'A fraud-based claim is duplicative of a breach of contract claim when [as here] the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract.'" MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 499 (1st Dept. 2014), quoting Manas v VMS Assoc., LLC, 53 AD3d 451, 453 (1st Dept. 2008). Moreover, Amsterdam Hotel states in its moving papers that it considers the fraud claim to have been pleaded in the alternative, "in the event the Court does

**150993/2022 ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No. 006 008 009 010 011**

**Page 7 of 15**

7 of 15

not grant Plaintiffs' motion for summary judgment on its first cause of action for breach of contract[,]" and that if its summary judgment motion is granted as to the breach of contract claim, it "believes the . . . fourth cause of action would be moot."

In filing identical motions to Prose, defendants Kapadia, Mandoki, Herrera and Carrillo also purportedly seek dismissal of the plaintiffs' first four causes of action. However, these causes of action are asserted solely against Prose, and are not directed against any of these defendants. These defendants could not be aggrieved by the granting of those claims and thus lack standing to seek dismissal of the claims. See generally Schmutz v Fleet Bank, N.A., 278 AD2d 19 [1st Dept. 2000]). Therefore, that portion of the motions of defendants Kapadia, Mandoki, Herrera and Carrillo, are denied for lack of standing.

(2) Marcel Hotel's Private Nuisance Claim and Request for Injunctive Relief
    a. Nuisance

Initially, the court notes that, while all defendants seek dismissal of the fifth cause of action, the nuisance claim is only asserted against Prose, Kapadia, and Mandoki. As such, those portions of Herrera's and Carrillo's motions as seek dismissal of the fifth cause of action are denied for lack of standing. See id. The motions of Prose, Kapadia and Mandoki seeking that relief are also denied for lack of merit.

"[T]he elements of the common law cause of action for a private nuisance are: '(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with the plaintiff's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act.'" 61 West 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334 (1st Dept. 2010), quoting Copart Indus. v Cons. Edison Co. of N.Y., 41 NY2d 564, 570 (1977); see Broxmeyer v United Capital Corp., 79 AD3d 780 (2nd Dept. 2010). Furthermore, "nuisance imports a continuous invasion of rights[.]" See Nussbaum v Lacopo, 27 NY2d 311, 312 (1970). That is, "[n]uisance is characterized by a pattern of continuity or recurrence of objectionable conduct." Berenger v 261 West LLC, 93 AD3d 175, 182 (1st Dept. 2012).

Defendants Prose, Kapadia and Mandoki do not submit proof demonstrating their *prima facie* entitlement to summary judgment dismissing the plaintiffs' nuisance claim. Rather, they simply attack the sufficiency of the plaintiffs' nuisance allegations in the amended complaint. They contend that the examples of nuisance acts are limited to the fact that Prose asked the

**150993/2022  ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**          **Page 8 of 15**
  Motion No.  006 008 009 010 011

8 of 15

Marcel Hotel for a lease on his unit, that Prose complained of shaking or vibrating within the hotel, that Prose held three parties at the hotel in which he appeared wearing only a robe, and that Prose complained of an odor of gas emanating from the eleventh and twelfth floors of the hotel. The defendants deny that any of this conduct caused any harm to the Marcel Hotel, its staff or its guests, and contend that, even if the allegations are true, they fail to state a claim for nuisance as a matter of law and must be dismissed as a matter of law.

In opposition, the plaintiffs submit an affidavit of Ana Lopez, the hotel manager of the Marcel Hotel, and incorporate by reference, from their prior motion for a preliminary injunction (MOT SEQ 003), another affidavit of Lopez, as well as affidavits of Haddiya Rolle, the program director of a not-for-profit entity that operates a homeless shelter at the Marcel Hotel, and Amara A. Challal, a part-time worker at the Marcel Hotel. In these submissions, Lopez, Rolle, and Challal allege numerous acts committed by Prose, Kapadia, and Mandoki that go beyond the defendants' requests for rent stabilized units or making false reports to public utility and emergency services. Indeed, these affidavits allege that Prose, and to a lesser extent Kapadia and Mandoki, created fire hazards that endangered the safety of Marcel Hotel's guests and staff, and that all three of these defendants intimidated and harassed hotel employees, the staff of a shelter program operated at the Marcel Hotel, and homeless individuals and families residing at said shelter. All of these acts are alleged to have disrupted the services and operations of the Marcel Hotel and established the elements of the nuisance cause of action.

Moreover, while the court denied the plaintiffs' motion for a preliminary injunction, it did not determine that the plaintiffs' nuisance claim failed as a matter of law. To the contrary, the court expressly stated that its denial of the plaintiffs' motion did not preclude the plaintiffs from presenting proof at trial to prove their nuisance claim. The defendants present no basis to support a different result now.

Additionally, the court notes that the plaintiffs seek $1 million in compensatory and consequential damages, as well as $1 million in punitive damages for this cause of action. An award of punitive damages may be available for a private nuisance claim "if the defendants' acts…are shown to be intentional and malicious". <u>Berg v Chelsea Hotel Owner, LLC</u>, 203 AD3d 484 (1st Dept. 2022). Here, the plaintiffs sufficiently establish that Prose, Kapadia, and Mandoki's actions were intentional and meant to intimidate and harass the Marcel Hotel's

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No.  006 008 009 010 011**

**Page 9 of 15**

9 of 15

guests and staff, as well as the staff of the shelter program operated at the hotel. Thus, the plaintiffs' request for punitive damages is not dismissed.

### b. Permanent Injunction

The plaintiffs' sixth cause of action seeks a permanent injunction against Prose, Kapadia, and Mandoki preventing them from engaging in any further nuisance acts. Although framed as a separate cause of action, the request for injunctive relief simply seeks another remedy for the nuisance claim. Thus, by virtue of the court's denial of the defendants' motions seeking dismissal of the nuisance cause of action, their motions are likewise denied to the extent they seek dismissal of the sixth cause of action for a permanent injunction. A cause of action for a permanent injunction is viable where a plaintiff alleges, "*inter alia*, a 'violation of a right presently occurring, or threatened and imminent.'" Lemle v Lemle, 92 AD3d 494, 500 (1st Dept. 2012), quoting Elow v Svenningsen, 58 AD3d 674, 675 (2nd Dept. 2009). As discussed above, Marcel Hotel sufficiently establishes that Prose, Kapadia, and Mandoki have violated the rights of the Marcel Hotel, its staff and guests, as well as its partners in a shelter program.

Therefore, the motions of Prose, Kapadia, and Mandoki are denied to the extent they seek dismissal of the sixth cause of action. To the extent they seek dismissal of the plaintiffs' sixth cause of action, the motions of Herrera and Carrillo are denied for lack of standing, as that claim is not directed against them. See Schmutz v Fleet Bank, N.A., supra.

As the fifth and sixth causes of action seek money damages and injunctive relief, respectively, on the same set of facts concerning the alleged nuisance acts, the plaintiffs have waived their right to a jury trial. See New Media Holding Co., LLC v Kagalovsky, 118 AD3d 68, 79 (1st Dept. 2014); Willis Re Inc. v Hudson, 29 AD3d 489, 489–90 (1st Dept. 2006). Therefore, the remaining causes of action will proceed to a bench trial.

### (3) Declaratory Judgment Against All Defendants and Defendants' Counterclaims

The plaintiffs' seventh cause of action seeks a declaratory judgment that the Marcel Hotel is not subject to the Rent Stabilization Law and other laws applicable to single room occupancy (SRO) restricted buildings; the defendants are not rent-regulated tenants of the Marcel Hotel; and that the defendants are not entitled to continued occupancy or rent stabilized leases at the hotel. The defendants' identical declaratory judgment counterclaims each seek

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
Motion No.  006 008 009 010 011

Page 10 of 15

10 of 15

[* 10]

essentially the opposite declaration - that each individual defendant is a rent-regulated tenant afforded the protections applicable to SRO restricted buildings.

On this motion, the defendants seek dismissal of the seventh cause of action and summary judgment in their favor on their respective counterclaims. The plaintiffs oppose that relief and seek a stay of this cause of action pending a determination of Marcel Hotel's "substantial rehabilitation application" pending at the DHCR.

The seventh cause of action, and the defendants' counterclaims, are improperly brought before the court in the first instance. It appears that the plaintiffs were belatedly of the same view in that they filed the DHCR application soon after commencing this action. "[W]here a matter lies within the expertise of DHCR, the courts should defer to that agency to render a determination in the first instance." Gardner v Div. of Hous. and Comm. Renewal, 166 Misc 2d 290, 294 (Sup Ct, Bronx County 1995); see West 147 and 150, LLC v Div. of Hous. and Comm. Renewal, 191 AD3d 419 (1st Dept. 2021); RSL E. 95th LLC v Div. of Hous. and Comm. Renewal, 137 AD3d 572 (1st Dept. 2016) citing Gardner v Div. of Hous. and Comm. Renewal, supra.

Therefore, the plaintiffs' seventh cause of action and the defendants' respective counterclaims are not stayed but are all dismissed without prejudice to renewal following the DHCR's determination of the Marcel Hotel's pending application. As counsel is aware, a final determination of the DHCR may be challenged pursuant to CPLR article 78.

(4) Plaintiffs' Cross-Motion – Use and Occupancy

As part of their cross-motion, the plaintiffs seek an order compelling the defendants to pay use and occupancy *pendente lite,* including past use and occupancy from the commencement of this action on January 28, 2022, through August 31, 2023, the filing of the cross- motion, at the daily rate set for each defendant when they first moved into the Marcel Hotel. Prospective use and occupancy is granted.

Section 220 of the Real Property Law provides that "[t]he landlord may recover a reasonable compensation for the use and occupation of real property" per an agreement other than a deed. Further, "[a] court has broad discretion in awarding use and occupancy *pendente lite.*" 43rd Street Deli v Paramount Leasehold, L.P., 107 AD3d 501 (1st Dept. 2013), citing Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124 (1st Dept. 2000). In determining the

**150993/2022 ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No. 006 008 009 010 011**

**Page 11 of 15**

11 of 15

reasonable value of use and occupancy, rent paid under a prior lease between the parties is "probative, not dispositive, on the issue." 43rd Street Deli v Paramount Leasehold, L.P., supra, citing Mushlam, Inc. v Nazor, 80 AD3d 471 (1st Dept. 2011); see also Eli Haddad Corp. v Cal Redmond Studio, 102 AD2d 730 (1st Dept. 1984).

As previously stated, the plaintiffs submit check-in receipts for each defendant detailing the unit occupied by the defendant and the nightly rate for said unit, as follows: Prose in Unit 1101 for $249 per night; Kapadia in Unit 814 for $621.94 per night; Mandoki in Unit 1103 for $479 per night; Herrera in Unit 704 for $124.02 per night; and Carrillo in Unit 1103 for $217.62 per night. In her affidavit, Olson avers that the defendants have not paid the Marcel Hotel any amount during their occupancies. The defendants submit no proof rebutting these facts.

The plaintiffs' request for retroactive use and occupancy is denied. Such relief is available to plaintiff landlords who assert a cause of action seeking unpaid back rent. See generally Levinson v. 390 W. End Assocs., L.L.C., 22 AD3d 397 (1st Dept. 2005); Oxford Towers Co., LLC v Wagner, 58 AD3d 422 (1st Dept. 2009); Marbru Assocs. v White, 114 AD3d 554 (1st Dept. 2014). However, in their complaint, the plaintiffs do not assert a cause of action for unpaid rent against any of the defendants, and only now seek use and occupancy for the first time through their cross-motion. In effect, the plaintiffs' request for unpaid rent or retroactive use and occupancy seeks damages on a cause of action they have not pleaded.

The plaintiffs' request for prospective use and occupancy *pendente lite* is granted as it would be "'manifestly unfair'" for the defendants to "'remain in possession of the subject premises without paying for [its] use.'" 10E53 owner LLC v Bruderman Asset Management, 202 AD3d at 609 (1st Dept. 2022) *quoting* MMC Assoc. v Dayan, 169 AD2d at 422 (1st Dept. 1991). As noted, the defendants have paid no amount to the Marcel Hotel since taking occupancy between October 2021 and January 2022, more than two years ago. In addition to that fact, although the plaintiffs do not assert any breach of contract claim against any defendant based on the signed check-in receipts, the court may consider the stated rates reflected in those documents in setting the proper amount of use and occupancy. The room rate charged for a hotel room also indicates the fair market value of the unit, which the court may also consider. See Mushlam, Inc. v Mazor, 80 AD3d 471 (1st Dept. 2011; Cooper v Schube, 101 AD2d 737 (1st Dept. 1984). Using those amounts, the rates reflected in the check-in receipts for the defendants' units, would equate to between $3,720 to $18,658 per month.

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No.  006 008 009 010 011**

**Page 12 of 15**

12 of 15

[* 12]

Notably, the defendants do not claim to have been in need of temporary or emergency housing, as those in the program hosted by the Marcel Hotel, when they all checked into the Marcel Hotel or provide any other excuse for failure to pay. Some defendants appear to be employed in the fields of real estate or hospitality.[1]

Considering all the circumstances presented, including the nightly rates agreed to by the defendants, the court directs each defendant to pay to the plaintiffs $3,700 per month, on the first of each month, in prospective use and occupancy, commencing on August 1, 2024, and continuing until the matter is disposed by trial, motion, settlement or eviction. See Booston LLC v 35 W. Realty Co., LLC, 194 AD3d 609 (1st Dept. 2021) citing Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549 (1st Dept. 2021). This amount, $3,700, is less than the lowest monthly rate for any of the units.

The defendants are cautioned that the payment of use and occupancy does not, in an of itself, confer any right or interest in property and does not preclude the plaintiffs from seeking any appropriate relief in any other forum, including the Civil Court of the City of New York. Moreover, it is well settled that any party asserting an interest in real property, as a condition for asserting its rights in the litigation, "must comply with the court's directions to maintain the status quo" or lose any interest it may have in the property. 61 West 62nd Owners Corp. v Harkness Apartment Owners Corp., 202 AD2d 345, 346 (1st Dept. 1994), citing 313 West 57 Rest. Corp. v 313 West 57th Assocs., 186 AD2d 466 (1st Dept. 1992); see also Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577 (1st Dept. 2012). That is, failure to comply with a court-ordered use and occupancy directive will result in ejectment from the premises. See Marbru Assocs. v White, 206 AD3d 562 (1st Dept. 2022).

---

[1] Defendant Prose testified at his deposition in December 2023 and January 2024 that he has worked in commercial real estate leasing and sales for a decade. Despite his professional experience, he claimed not to understand the Surrender Agreement he signed or the papers filed in this action. In response to counsel's questioning, he was evasive, combative, intentionally obtuse and, at times, profane. In any event, he admitted that he has stayed at several hotels or properties in Manhattan and Brooklyn, as well as in other states, without paying, and unsuccessfully demanding a lease. See e.g. 326 Starr, LLC v Martinez and Prose, 74 Misc 3d 77 (Sup Ct, App Term, 2nd , 11th and 13th Dists. 2021). He also did not seriously dispute advising the other defendants in this case to check into the Marcel Hotel, refuse to pay for their units and demand a lease. He recalled giving similar advice to women he met in bars. Defendant Mandoki was also evasive and combative at her deposition in November 2023. Discovery remains ongoing.

(5) <u>Attorney's Fees</u>

In their amended complaint, the plaintiffs seek attorney's fees on all causes of action. That application is denied. Attorneys' fees that are merely incidents of litigation are not recoverable absent a specific contractual provision or statutory authority.  See <u>Flemming v Barnwell Nursing Home and Health Facilities, Inc.</u>, 15 NY3d 375 (2010); <u>Coopers & Lybrand v Levitt</u>, 52 AD2d 493 (1st Dept. 1976). The plaintiffs identify no such provision or statute.

The parties' remaining contentions have been considered and rejected as unavailing.

Any relief not expressly granted herein is denied.

## IV.    CONCLUSION

In light of the court's rulings herein, the sole causes of action that remains for trial is the fifth cause of action, alleging nuisance, for which the plaintiff seeks monetary damages and related permanent injunctive relief, as against defendants Prose, Mandoki and Kapadia.

Accordingly, upon the foregoing papers, it is

ORDERED that defendant Alexander Prose's motion for summary judgment (MOT SEQ 006) is granted to the extent that the second, third, and fourth causes of action the complaint are dismissed, and the motion is otherwise denied; and it is further

ORDERED that the motions of defendants Rehan Kapadia (MOT SEQ 008), Bella Mandoki (MOT SEQ 009), Thalia Herrera (MOT SEQ 010), and Carlos Carrillo (MOT SEQ 011), are denied in their entirety; and it is further

ORDERED that the cross-motion of the plaintiffs, Ali Baba Hotel Corp. d/b/a Amsterdam Court Hotel and East Side Inn LLC d/b/a The Marcel at Gramercy Hotel (MOT SEQ 006) is granted to the extent that they seek summary judgment in their favor on the first cause of action for breach of contract against defendant Alexander Prose, and to the extent that they seek to compel the defendants to pay prospective use and occupancy *pendente lite,* and the motion is otherwise denied; and it is further

**150993/2022   ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**
**Motion No.  006 008 009 010 011**

**Page 14 of 15**

[* 14]

14 of 15

ORDERED that the plaintiffs' seventh cause of action and the defendants' counterclaims are dismissed without prejudice; and it is further

ORDERED that the plaintiffs' application for attorney's fees is denied, and it is further

ORDERED that the Clerk shall enter judgment in favor of plaintiff Ali Baba Hotel Corp. d/b/a Amsterdam Court Hotel and against defendant Alexander Prose in the sum of $100,000.00, plus costs and 9% statutory interest per annum from October 19, 2021; and it is further

ORDERED that each of the defendants, Alexander Prose, Rehan Kapadia, Bella Mandoki, Thalia Herrera and Carlos Carrillo, are directed to pay to plaintiff East Side Inn LLC d/b/a The Marcel at Gramercy Hotel, $3,700.00 per month as and for use and occupancy of their respective units at the Marcel Hotel, commencing on August 1, 2024, and continuing each month, that amount to be paid on the first of each month, until this matter is concluded or until a further order of this court; and it is further

ORDERED that the plaintiff shall serve a copy of this order with notice of entry upon all defendants by overnight mail service at their respective addresses at the Marcel Hotel, on or before July 19, 2024, and it is further

ORDERED that the parties shall appear for a final status conference on September 26, 2024, at 11:00 a.m., and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the Court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**7/8/2024**
**DATE**

**CHECK ONE:**

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | | ☒ GRANTED IN PART | ☐ OTHER |

**150993/2022  ALI BABA HOTEL CORP. ET AL vs. PROSE, ALEXANDER ET AL**          **Page 15 of 15**
**Motion No.  006 008 009 010 011**

15 of 15

[* 15]